JOSEPH PETROZZINO, PETITIONER-APPELLANT, v. MON-
ROE CALCULATING MACHINE COMPANY, INC., RE-
SPONDENT-RESPONDENT.

Essex County Court
Law Division

Decided October 23, 1964.

*Mr. Charles J. Farley, Jr.* for appellant.

*Mr. Guy H. Haskins* argued the cause for respondent (*Messrs. Haskins, Robottom & Hack,* attorneys).

SUGRUE, J. C. C.  In this matter the Division of Workmen's Compensation determined that petitioner's wife died as a result of an occupational disease causally related to her employment, and also determined that an infant child of decedent was not a dependent.

Petitioner filed a notice of appeal on the question of dependency on August 15, 1964.

Respondent filed a cross-appeal in the Division of Workmen's Compensation and in the Essex County Clerk's office on September 3, 1964.  The cross-appeal was sent to petitioner's attorney September 2, 1964.  It is agreed that service of the notice of cross-appeal on petitioner's attorney be as of the date of September 4, 1964.

Petitioner has moved to dismiss the cross-appeal for the reason that respondent failed to complete the filing of same within 15 days after the notice of appeal was filed.  R. R. 1:3–2 and 5:2–5(a).

Respondent has moved to dismiss petitioner's appeal for the reason that petitioner failed to file the transcript of the record below, as well as the brief embodying his contentions within time.  R. R. 5:2–5(b) and (c).

R. R. 1:3–2, states:

"A cross appeal may be taken by serving and filing a notice of cross appeal within 15 days of the timely service of a notice of appeal."

R. R. 5:2–5 relates to workmen's compensation appeals. R. R. 5:2–5(a), insofar as it relates to the present question reads:

"* * *  A cross appeal may be taken as provided in Rule 1:3–2."

R. R. 5:2–5(a) was amended September 3, 1958, to include the sentence concerning a cross-appeal.  Prior to the amendment it was not clear as to the time limitation for the filing of a cross-appeal in a matter on appeal from the Workmen's Compensation Division to the County Court.  The amendment was proposed and recommended by the New Jersey Supreme

Court's Committee on Rules because of the difficulty that had arisen several times under *N. J. S. A.* 34:15–66 and *R. R.* 5:2–5 with respect to the function of the County Courts in workmen's compensation appeals. 81 *N. J. L. J.* 153 (1958).

The Workmen's compensation Act, *R. S.* 34:15–1 *et seq.*, as amended, contains no provision for the filing of a cross-appeal as such.

*N. J. S. A.* 34:15–66, provides in part:

"Either party may appeal from the judgment of the director, deputy director, or referee, to the County Court * * * by filing with the secretary of the division, and with the clerk of such county, a notice of appeal. Such notice shall be filed within 45 days after the judgment."

Respondent's contention is that it has within 45 days after judgment to file the notice of cross-appeal. This contention must fall because it would leave the respondent without the benefit of a right to cross-appeal if petitioner's notice of appeal was filed on the last day for so doing. That, of course, would have been the result if the case were here before the adoption of *R. R.* 5:2–5(a), as amended in 1958. Since the amendment respondent contends *R. R.* 5:2–5(a) would apply to relieve him in that he would then have the 45 days given him by the statute and another 15 days given him by the rule. By respondent's argument the rule would apply when it would be to his advantage, but would not apply when it would work to his disadvantage. That such a result could have been intended by the Supreme Court when the rule was amended is highly unlikely.

Respondent cites *Hodes v. Oak Flooring Co.*, 82 *N. J. Super.* 216 (*App. Div.* 1964), for the proposition that when an appeal is taken from an administrative agency such as the Division of Workmen's Compensation the rights of appeal are governed by the statute only, exclusive of any rule. Indeed the case so held. It should be emphasized, however, we are not dealing here with any question of appeal, but rather of a cross-appeal. The court in *Hodes*, had occasion to consider

the application of the Supreme Court's plenary rule-making power to workmen's compensation cases with regard to the time for taking an appeal. The court did not decide the question of the Supreme Court's power to change or regulate the time for appeal presently fixed by statute. It only held that assuming the court did have the constitutional power to regulate the appellate review of compensation cases with regard to the time for taking appeals, it did not choose to do so, but continued to allow the statute to control. The comment on the Supreme Court's power is noteworthy:

"For purposes of this appeal we may concede the thesis that the Supreme Court has the plenary constitutional power to provide by rule for the regulation of all aspects of appellate review of judgments of the Division of Workmen's Compensation, including time limitations relating thereto. The trouble with respondent's position, however, is that it has not demonstrated that the Supreme Court has, in the exercise of that power, qualified the absolutism of the 45-day time period for appeals from the Division to the County Court fixed by the Legislature. It appears that it has, on the contrary, clearly implied its concurrence in it by the adoption of a rule of court, R. R. 5:2–5, which regulates all aspects of such an appeal except those fixed by the statute. The rule of court cited has no reference whatever to the time for taking an appeal, leaving that subject within the purview of the statute exclusively. The Supreme Court has thus signified its acquiescence in the statutory time period, if such acquiescence is deemed essential to the validity of that feature of the statute, as to which we express no opinion."

It is evident that by the adoption of R. R. 5:2–5 the court has undertaken the responsibility of regulating all aspects of appellate review regarding compensation cases except the time for appeal. Significantly it has expressly extended its responsibility to regulate the time for taking a cross-appeal by the 1958 amendment. It is axiomatic from the exercise of this power that we may assume the *prima facie*, that court has the constitutional power to regulate all phases of appellate review of compensation cases including cross-appeals and possibly even appeals, were it so inclined.

R. R. 1:4–1, relating to supervision of appeals in all courts, reads in part as follows:

"The supervision and control of the proceedings on appeal shall be in the appellate court from the time the appeal is taken  *  *  *."

It is reasonable to determine that *R. R.* 1:4–1 supports the conclusion that court rules govern all procedural steps on appeals to the County Court subsequent to the filing of the notice of appeal from the Workmen's Compensation Division.

■ The court is satisfied that *R. R.* 5:2–5(a) and 1:3–2 are controlling here, and not the statute which is silent on the regulation of cross-appeals.

■ As an additional argument respondent contends that assuming the rules do apply and cross-appeals are governed by the rules, his notice of cross-appeal is still timely. Specifically, he argues that *R. R.* 1:2–6 would be applicable, which rule, he contends, would grant him 45 days as a minimum to file his motion for cross-appeal. *R. R.* 1:2–6 provides:

"Any respondent may appeal from a judgment, order, or determination by serving and filing a notice of cross appeal, which shall be governed by the rules relating to notice of appeal."

He contends *R. R.* 1:3–2 comes into play only when an original appeal is filed less than 15 days before the expiration of the time for appeal specified in *R. R.* 1:3–1. By his argument a cross-appellant could have a period up to as long as 60 days to file a cross-appeal. The difficulty with this argument is the last sentence of *R. R.* 1:2–6. The rule does not say that a cross-appeal shall be governed by the rules relating to appeals generally, but by the rules relating to *notice of appeal.* The reasonable inference to be drawn is that the last sentence of *R. R.* 1:2–6 refers to the application of *R. R.* 1:2–8 dealing with the preparation of the record on appeal and how an appeal may be taken. It does not refer to the rule limiting time for appeals.

■ Respondent makes some argument concerning the discretionary use of the word "may," as opposed to the mandatory use of "shall" in *R. R.* 1:3–2. By innuendo he indicates that perhaps some choice of action exists for a party who wishes to file a cross-appeal, other than that spelled out in

the rule. The argument has no persuasive merit in the court's view and need not be considered in this opinion.

■ Respondent could, by making application, have an extension of time for filing the cross-appeal by a compliance with *R. R.* 1:27B(d). No such application was made. According to that rule, application may be made *at any time,* provided that the action required to be taken within the permissive 30-day extension period was in fact taken within that time as extended by the court. An applicant may be entitled to an extension by the court in which the matter is pending upon a clear showing of a good cause and the absence of prejudice. Respondent's notice of motion of cross-appeal was filed within a week after the time permitted by strict adherence to *R. R.* 5:2–5(a) and *R. R.* 1:3–2. The action to be taken was in fact taken within the permissive 30-day extension period allowed by *R. R.* 1:27B(d). Although no application for an extension of time was in fact made by the respondent, as provided by *R. R.* 1:27B(d), *R. R.* 1:27A allows a relaxation of the rules in cases where strict adherence to them will work surprise or injustice. No contention has been made that respondent does not have a meritorious argument on the question of causal relationship or whether the accident was or was not compensable.

■ Since the application for extension can be made *at any time,* it is difficult to see how petitioner could in any way claim prejudice if the court here allows a cross-appeal by applying the provisions of *R. R.* 1:27A to *R. R.* 1:27B(d), even though no application has been made for relief under the rule last mentioned, if the court is first satisfied that good cause can be shown to allow an extension of time for filing a cross-appeal. Inasmuch as the cross-appeal has in fact already been filed, and due to the difficult question of law involved as to whether *N. J. S. A.* 34:15–66 or *R. R.* 5:2–5(a) controls the time for cross-appeal, the court is satisfied good cause could easily have been shown to allow the extension. Accordingly, respondent's cross-appeal will be allowed as being within time. Petitioner's motion is denied.

Insofar as respondent's motion is concerned, counsel for petitioner explained on oral argument that his failure to comply with the provisions of *R. R.* 5:2–5(b) and (c) was due to the fact that the motion to dismiss the cross-appeal, scheduled for hearing on September 25, 1964, had been adjourned for two weeks by the court to which it had been referred. He did not request the adjournment. He stated he contacted the judge to whom the appeal had been referred for determination and was advised to withhold the filing of the brief until the motion to dismiss the cross-appeal had been decided. Respondent's attorneys were so advised. The transcript was filed September 3, 1964 and the brief was filed October 9, 1964, the adjourned date for the arguments on the motions. While the proper practice should have been for counsel, on notice to his adversary, to apply for an extension of time for filing the transcript and his brief, the circumstances here present do not show sufficient cause to dismiss petitioner's appeal. See *Diven v. H & L Farms,* 79 *N. J. Super.* 504 (*App. Div.* 1963).

Respondent's motion is denied. An order consistent with the court's determination will be submitted.